United States District Court
Southern District of Texas
**ENTERED**
May 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KRISTIAN ZUZEK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 25-cv-04452** |
| | § | |
| | § | |
| **UNITED STATES FEDERAL** | § | |
| **GOVERNMENT, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM & ORDER

Before the Court is Defendant's Motion to Dismiss (ECF No. 13). Plaintiff alleges that "Unknown Persons restarted an ongoing . . . planned assault via ultrasonic sound transmitters or similar technology, psychotically performing ritual assault causing intended economic damage and intended legal and physical injury to Plaintiff." ECF No. 1, Compl. at ¶ 1.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complainant must plead "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This must be more than "[a]n unadorned, the-defendant-unlawfully-harmed-me accusation" or "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* at 678. While the court must accept well-pleaded facts as true, legal conclusions are not entitled to the same assumption of truth. *Id.*

Plaintiff fails both to allege federal jurisdiction and to state a claim for relief. Plaintiff further fails to allege any well-pleaded facts which would support the conspiracy described in the Complaint. Finally, and fatally, Plaintiff does not allege specific facts that suggest that the named Defendant, the United States Federal Government, is responsible for the alleged ultrasonic sound transmissions. Petitioner's complaint must therefore be dismissed. Accordingly, Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

Also before the Court is Plaintiff's Motion for Relief from Order (ECF No. 27). A Motion to Dismiss evaluates the sufficiency of the pleadings, not the additional filings Plaintiff describes in his motion. The Court does not consider notices of subpoena when evaluating whether to impose a stay of discovery pending resolution of a motion to dismiss. Additionally, as Plaintiff's case is now dismissed, the Motion for Relief from Order is now moot. Therefore, Plaintiff's Motion for Relief from Order (ECF No. 27) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this the 18th of May, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

2